IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD JOE SAMUELSON,

    Plaintiff,

vs.                                              Case No. 07-1264-JTM

UNITED STATES OF AMERICA,

    Defendant.

MEMORANDUM AND ORDER

The United States has filed tax liens against plaintiff Ronald Samuelson. Samuelson then brought the present action against the United States. In Count 1 of his Complaint, Samuelson argues that the liens for tax years 1995, 1996, and 1997 are fraudulent, because the IRS has not made any prior assessment against him. In Counts 2, 3, and 4, he alleges that the Notices of Levy sent to his employer were fraudulent, because they were not accompanied by certain statutory notices. In Count 5, he alleges that a Notice of Federal Tax Lien sent to the Sedgwick County, Kansas Register of Deeds was not based on a prior lawful assessment. Samuelson's Complaint includes two counts denominated as Count 6. In the first Count 6, he alleges that a Notice of Federal Tax Lien sent to his employer is fraudulent, because there was no prior Notice of Levy. In the second Count 6, he alleges generally that the Notices of Levy filed by the United States "are continuing threats of harm" against him, and that he has suffered irreparable injury for which he has not adequate remedy at law. (Dkt. No. 1, at 11).

1

The government's answer does not contest the facts asserted in Samuelson's Complaint. It essentially agrees that beginning in August of 2004, it has brought levies on Samuelson's wages for tax for five years, 1995-97 and 2002-03, that it filed liens with the registers of deeds in Lancaster County, Nebraska (for tax years 1995-97) and Sedgwick County (tax years 2002-03).

The government has moved to dismiss part of Count 1 (that relating to tax years 1995 and 1996) and all of Counts 2, 3, 4, and Count 6. It has separately moved for summary judgment on the remainder of Count 1 (relating to tax year 1997) and Count 5.

As to that portion of Count 1 concerning the tax years 1995 and 1996, the government previously released those liens on February 23, 2005, long before the present action was commenced.

In Counts 2-4, Samuelson complains that the Notices of Levy sent did not include a Form 2433 Notice of Seizure, pursuant to 26 U.S.C. § 6335, or a Form 668-B Notice of Levy, pursuant to 26 U.S.C. § 6502(b). However, § 6502(b) merely provides the means for determining when a levy occurs: "The date on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given." The statute does not itself create any additional notice requirement. And § 6335(a) creates no requirement for additional notice in cases such as the present, since that statute deals with the seizure of property which the IRS intends to resell. It does not create an additional notice requirement where the government is simply levying on a taxpayer's wages. *Sepp v. United States*, No. CV05-0127PHX-MHM, 2002 WL 213995, at *2 (D. Ariz. Jan. 25, 2006).

The first Count 6 is also subject to dismissal, since an enforceable lien is created under federal law by the assessment of tax itself. *Kane v. Capital Garden Trust Co.*, 145 F.3d 1218, 1221 (10th Cir. 1998). The Notice of Federal Tax Lien is a means of establishing priority among potential

creditors, *Koch Oil v. King*, 787 F.Supp. 993, 994-95 (D. Kan. 1992), but is not in itself a prerequisite for the creation of the lien.

With respect to the second, Count 6, the language of the Count appears to generally assert an injunctive claim for fraudulent conversion by the United States. But any such claim is barred, first by the government's general sovereign immunity, *see James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992) (sovereign immunity waiver in 28 U.S.C. § 2410 does not include waiver of immunity as to challenges as to the validity of a tax), as well as by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which bars injunctions seeking to restrain the assessment or collection of a tax.

The court also finds that the government is entitled to summary judgment on the remainder of Count 1 and the entirety of Count 5, since these claims rest entirely on the assertion that there was no prior assessment against Samuelson. However, the Certificates of Assessments and Payments submitted by the defendant demonstrate that assessments had been made against Samuelson prior to the notices of lien for the relevant tax year.

In his response, Samuelson does not directly respond to any of the arguments of the defendant. Instead, he generally contends that the government has not shown (a) that he is a taxpayer, (b) that he is liable for a federal tax, (c) that he is subject to the legislative jurisdiction of the United States, and (d) that the government "has never attempted to state actual facts to a competent witness." (Dkt. No. 14, at 5).

The court disagrees. As noted earlier, the defendant has submitted the Certificates of Assessments and Payments from its records as to the relevant tax years. Such documents have been held to constitute evidence that is admissible to show the existence and validity of a tax assessment. *James v. United States*, 970 F.2d 750, 755 (10th Cir. 1992).

In sum, plaintiff's request for relief seeks recovery for what has already previously received (release of the 1995 and 1996 assessments), or asserts to the existence of additional notice requirements which do not exist in the law. To the extent that Samuelson seeks a determination that he does not in fact owe the taxes that the government seeks to collect, the present action is barred by the sovereign immunity of the United States. *United States v. Dalm*, 494 U.S. 596, 608, *James*, 970 F.2d at 753.

IT IS ACCORDINGLY ORDERED this 16th day of January, 2008, that the defendant's Motions to Dismiss and for Summary Judgment (Dkt. No's 10 and 12 ) are hereby granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE